(No. 1907—)

GEORGE LEON DAVIS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 31, 1935.*

GEORGE LEON DAVIS, pro se.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The complaint alleges that on September 13, 1931, George Leon Davis was employed as keeper at Stateville, and is still in the employ of the State; that on Sunday morning, September 13, 1931 about eight o'clock, while engaged in his official duties, he was letting certain inmates out of their cells who wished to attend Mass; that one inmate, McGuire, did not return to his cell, and claimant called Captain Taylor Davis to assist in removing this inmate from the cell. A general fight ensued between three inmates, Taylor Davis and the claimant, and during the fight the claimant was cut below the right eye extending from the nose to the level outer edge of the eye. There was a cut three quarters of an inch long on the upper lip on the right side; an upper tooth was knocked out; six teeth were loosened; his nose was fractured, besides other severe and serious injuries. Claimant also claims to have lost a gold watch and chain, and an Eagle Fob, valued at $65.00.

It appears from the record that claimant received hospital bills and doctor bills, and he claims an injury to his eye and one testicle.

A demurrer was filed to the petition and we have considered the demurrer along with the merits of the claim.

From the evidence taken, it appears that the claimant was receiving the sum of $125.00 per month; that he was incapacitated for about thirty days but all doctor bills and hospital bills have been paid; that he had been employed as a keeper for a couple of years; that prior to that time he was a coal miner and earned in that business approximately $1600.00 per year.

He claims a permanent disability on account of facial scars, injury to the right eye and some permanent injury to one testicle.

From the testimony of Dr. Raymond Brown, an eye specialist, it appears that his vision shows, right eye 20-20 and his left eye 20-25, and he would advise the wearing of glasses, but this doctor testified: "Since he is nearly forty years old, the need of plus lenses might not be due in any way to the injury." The doctor testified that the injury to his eye could have arisen from the injury received in the fight with the convicts.

This claim is made on the theory that the claimant is under the Compensation Act. On no other theory would the State be liable in any manner whatsoever and treating the claim as if it did come under the Compensation Act, without deciding that point, we hold that he is not entitled to recover for the reason that his earning capacity has not been decreased; that he has received full compensation for all the time that he was incapacitated and it does not appear that his eye trouble was due to the injury received, and that he is now earning as much as he did before the accident and there is no serious disfigurement to his hand, head or face.

The burden is upon the claimant to show by proper evidence what his injuries were and that they did arise out of and in the course of his employment and he must prove by a greater weight of the evidence that his alleged injuries were a result of the fight.

While he may have some disability to a testicle, we are of the opinion that the evidence does not disclose such an injury as to require a removal of a testicle; and that his eye trouble is not necessarily a result of his injuries. It being incumbent upon the claimant to establish these facts, and he

having failed to do so, we must hold that he is not entitled to recover.